T.C. Summary Opinion 2002-82

UNITED STATES TAX COURT

MARIE G. AND MICHAEL L. PACHECO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6292-01S.                    Filed July 9, 2002.

Marie G. and Michael L. Pacheco, pro se.

<u>Douglas S. Polsky</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]     Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $5,026 and $5,838 in petitioners' Federal income taxes, respectively, for 1998 and 1999 and corresponding penalties under section 6662(a) in the amounts of $1,005 and $1,168.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Edgewood, New Mexico.

For each of the years in question, petitioners claimed itemized deductions on a Schedule A, Itemized Deductions, of their Federal income tax return. For 1998, petitioners claimed itemized deductions totaling $32,042, of which $17,937 was disallowed by respondent. For 1999, petitioners deducted $33,401, of which $24,822 was disallowed by respondent. Petitioners, nevertheless, were allowed itemized deductions for both years, since the total of their other claimed and allowed deductions exceeded the standard deduction under section 63(c). For the 2 years at issue, the disallowed deductions consisted of charitable contributions, job expenses, and other miscellaneous deductions.

At trial, the parties settled the issue involving the disallowed job expenses and other miscellaneous deductions for

the 2 years in question.[2]  The remaining issues for decision are: (1) Whether petitioners are entitled to charitable contribution deductions for the 2 years at issue, and (2) whether petitioners are liable for the accuracy-related penalties under section 6662(a).  In addition, the Court considers the applicability of section 6673(a) to the facts of this case.

Petitioners were both employed during the 2 years in question.  Mr. Pacheco was an officer for a manufacturing company, and Mrs. Pacheco was an equipment technician for the Intel Corp.  They reported combined wages of $85,951 and $98,982, respectively, for 1998 and 1999.

For prior years, petitioners had engaged the services of a public accountant for the preparation of their Federal income tax returns.  Their preparer died prior to the time for preparation of the 1998 and 1999 returns.  Based on the recommendation of a coworker of Mrs. Pacheco, petitioners engaged Robin Beltran to prepare their 1998 and 1999 returns.[3]

---

[2]  The parties agreed that, for the year 1998, petitioners were entitled to a deduction of $3,525 for automobile (mileage) expenses and tax preparation fees of $235.11, and $3,403 for automobile expenses and $721 for tax preparation fees for 1999, subject to the 2-percent limitation of sec. 67.

[3]  The Court notes that this case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions at issue here. When the subject returns were called into question by the Internal Revenue Service, Mr. Beltran advised petitioners to

(continued...)

For the years in question, petitioners claimed the following itemized deductions on their returns, which were disallowed in full by respondent in the notice of deficiency:

|                                                                                              | 1998      | 1999      |
| -------------------------------------------------------------------------------------------- | --------- | --------- |
| Charitable contributions                                                                     | $ 6,925   | $ 7,272   |
| Unreimbursed employee expenses and tax preparation fees (before the sec. 67(a)limitation)    | 12,770*   | 15,515*   |

   * As noted <u>supra</u> note 2, the parties settled this adjustment.

Petitioners acknowledged at trial that their actual charitable contributions were considerably less than the amounts claimed on their returns.  They estimated their actual charitable contributions to be approximately $2,000 for each year.  However, on their 1996 and 1997 tax returns, which were offered in evidence by respondent, their contributions were $520 and $545, respectively, for 1998 and 1999, and they made no claim for job expenses and other miscellaneous deductions on their returns for these 2 years.

With respect to the charitable contributions issue, petitioners' testimony at trial satisfies the Court that the amounts claimed were arbitrarily determined by the return

---

[3](...continued)
ignore all correspondence they received concerning their tax returns.

preparer, Robin Beltran, and had no reasonable basis in law or in fact, as addressed later in this opinion. Petitioners virtually admitted that in their testimony. The Court is, nevertheless, satisfied that petitioners made some contributions during the years in question. In the absence of more convincing evidence, the Court, on this record, allows petitioners a deduction of $300 for each of the years in question. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

Petitioners contend they should be absolved of liability for the section 6662(a) penalties because they relied on the representations of their return preparer.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated

where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Moreover, a taxpayer is generally charged with knowledge of the law. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it. Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; see sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter. Freytag v. Commissioner, supra at 888.

Petitioners knew that the amounts of the deductions claimed on their returns for charitable contributions were considerably in excess of what they had claimed on prior years' returns and, therefore, were false. They questioned Mr. Beltran about that at the time the returns were prepared, and his explanation was that they were entitled to the deductions claimed based on a "formula" allowed by the Internal Revenue Service. At trial, petitioners testified:

> MR. PACHECO: * * * Mr. Beltran explained that he knew the IRS laws and guidelines in and out. He knew exactly

what was allowed and that most people do not take advantage of it.  Other preparers don't go through the homework, or the work, to get their clients what they're allowed.

     *      *      *      *      *      *      *

     MS. PACHECO: I did question Mr. Beltran and I asked him, How do you come up with these numbers?  And he showed me some examples.  You know, he got kind of offended, upset, and said he knew what he was doing.  He was more aggressive, you know, preparing taxes and that he ---

     THE COURT: * * * So, then, you had sort of raised questions yourself, then?

     MS. PACHECO: Yes, I did.  I asked him and he said, Well, you think I'm stupid?  I wouldn't do this.  I have two kids.  I'd be thrown in prison, you know, if I did this. And I said, Well, I just want to make sure that you are doing them right.

     THE COURT: Did you, perhaps, go check with other CPAs to find out if that was correct?

     MS. PACHECO: No, because we've already paid a lot of money to him to prepare our taxes.  It's just like if I go to anybody else, whether it's a doctor or anybody else, if I go to somebody and they do this as a profession, I'm going to take their word for it.  You know, if I go to a doctor and says he needs to cut off my leg, I'm not going to question it.  You know, the same thing with him.  You know, I thought he knew what he was doing.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer.  They knew that the items at issue were false and expressed their reservations to Mr. Beltran.  The answers he gave them should have raised other questions.  Petitioners clearly did not make a reasonable effort to determine whether the representations of Mr. Beltran were correct.  They did not consult other tax

professionals to verify the accuracy of the returns prepared by Mr. Beltran or the representations he made to them regarding their deductions. The Court is satisfied from the record that Mr. Beltran knew, or had reason to know, all the relevant facts upon which, had he been a qualified professional, he could have accurately advised petitioners on the amount of their allowable deductions. Mr. Beltran claimed unrealistic and false amounts as deductions on petitioners' returns. The Court is satisfied that petitioners knew they were required under the law to substantiate deductions claimed on their returns, as they had done in prior years. The questions they posed to Mr. Beltran and the answers he gave them should have prompted them to look beyond and ascertain the accuracy of his representations. Petitioners, therefore, made no effort to assess their tax liability correctly. On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the years in question.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. The Court considers petitioners' claim that they should not be liable for the deficiencies and penalties to be frivolous and

groundless. Petitioners knew, or should have known, that a substantial portion of the itemized deductions at issue was false and could not be sustained. Petitioners knew that they could deduct only amounts that they had actually paid. They made no attempt to determine the qualifications of their return preparer and, moreover, did not seek other professional advice to satisfy the concerns they had over the returns prepared by Mr. Beltran. Petitioners cited no legal authority to the Court that, under similar facts, would exonerate them from the penalties under section 6662(a).

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes. Any reasonable and prudent person, under the facts presented to the Court, should have known that petitioners' claimed deductions could not have been sustained, and petitioners knew that. This Court does not and should not countenance the use of this Court as a vehicle for disgruntled litigants to proclaim the wrongdoing of another, their return preparer, as a basis for relief from penalties that were determined by respondent on facts that clearly are not sustainable. Golub v. Commissioner, T.C. Memo. 1999-288. Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider. Petitioners have caused needless expense and wasted resources, not only for the Court,

but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.